## Amory Bigelow
### v.
## A. B. Chapman.

*Contracts—Alleged Breach of—Whether Defendant Excused from Performance.*

Upon the case presented, this court holds that the defendant was justified in treating the contract upon which the action was brought as terminated by the act of plaintiff's representative.

[Opinion filed January 14, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. Edward W. Russell and Deneen & McEwen, for appellant.

Messrs. J. S. Huey and J. W. Lanehart, for appellee.

Waterman, P. J. This case grows out of a purchase by appellant from appellee in California of five car loads of oranges. When one car had been loaded and the work of loading the others was going on, appellee, from whom the fruit was purchased, received from Sleavin & Broderick of Minneapolis, to whom the oranges were to be shipped, a telegram saying:

"Advise holding shipment for few days. Afraid of strike on road."

Upon receipt of this appellee shipped the loaded car and the others, as soon as loaded, elsewhere, and sold all the fruit to other parties. For this appellant claimed damages. There was evidence that the fruit was in a condition which made its immediate sale necessary. There was also evidence that appellee was told by appellant that the fruit was purchased to fill an order made by Sleavin & Broderick, and that their direc-

tions as to its shipment were to be respected. The finding of the court below being for appellee, it must be taken that the court found that appellee was justified in selling and shipping the fruit to other parties. We see no sufficient reason for interfering with its conclusions in this regard. Under the evidence it can fairly be said that the telegram gave to appellee an election to treat the contract as at an end, or to dispose of the fruit as best he could for the use of appellant, paying to him whatever profit was made and holding him for any loss. What he did realize is not shown, and he claims nothing from appellant on account of the sale. He evidently treated the sale as at an end. If the court had found for appellant, some of the propositions of law, refused, might have been relevant upon the question of damages. Coming to the conclusion it did, we think that all the propositions were properly refused.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*